IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00046-WYD

IN RE:
RICKY DONOVAN VAN VLEET,

    Debtor,

RICKY DONOVAN VAN VLEET,

    Appellant,

v.

TOM CONNOLLY, Chapter 11 Trustee,

    Appellee.

---

**ORDER**

---

I.     <u>INTRODUCTION</u>

THIS MATTER comes before the Court on appeal by Appellant Ricky Donovan Van Vleet ("Van Vleet") from an order issued by the Bankruptcy Court made in Adversary Proceeding number 06-17238. This appeal arises from the Bankruptcy Court's January 7, 2008 Interim Order granting trustee, Tom Connolly ("Connolly"), authority to settle the controversy between Kakula Island Resorts Limited ("KIR") and the Government of the Republic of Vanuatu. KIR is a Vanuatu entity with Van Vleet owning 51% of the shares. The remaining 49% are owned by Mr. Douglas Bailey, a nominee for Van Vleet. Currently, KIR has a VT745,316,344 (approximately $7,845,435) judgment against the Government of Vanuatu. The Republic of Vanuatu is in the process of appealing that judgment. On January 7, 2008, the Bankruptcy Court

entered an interim order granting Connolly's motion for permission to enter into negotiations with the Republic of Vanuatu to attempt to settle this matter.

Van Vleet asserts that the Bankruptcy Court erred as a matter of law in granting this motion. Van Vleet argues that the Bankruptcy Court lacked the authority to grant a motion allowing Connolly authority over the assets of a foreign corporation not a party to this bankruptcy case.

For the reasons stated below, Appellant's appeal of the Bankruptcy Court's interim order is denied.

II. BACKGROUND

On October 11, 2006, Van Vleet voluntarily filed a petition for Chapter 11 Bankruptcy. Pursuant to Bankruptcy Code §341(a), a meeting of creditors was held on November 9, 2006. A Chapter 11 status conference was then conducted before the Bankruptcy Court. Based on advice from his previously retained counsel, Van Vleet was not present at the meeting of creditors or at the Chapter 11 status conference.

The United States Trustee Program ("UST"), a component of the Department of Justice, is responsible for overseeing the administration of bankruptcy cases and private trustees. On November 13, 2006, due to deficiencies in Van Vleet's petition for Chapter 11 Bankruptcy, the UST filed a Motion to Dismiss, or to Convert the case to a Chapter 7 Bankruptcy. On December 1, 2006, after retaining new counsel, Van Vleet filed his amended Schedules, Statements of Financial Affairs and Initial Financial Reports to resolve the deficiencies in his petition.

On December 15, 2006, UST filed a Motion to Appoint a Chapter 11 Trustee. Van Vleet agreed to the appointment of a trustee on January 3, 2007. The Bankruptcy

Court entered the Agreed Order and Tom Connolly was appointed as trustee of Van Vleet's estate.

Van Vleet has business interests in both the United States and the Republic of Vanuatu. Among Van Vleet's business interests in the Republic of Vanuatu is his interest in KIR. The Bankruptcy Court ordered the authorization of Connolly to exercise his powers as equity owner of KIR. Therefore, Van Vleet transferred all of his shares in KIR to Connolly. Pursuant to 11 U.S.C. §1108 and the Bankruptcy Court's Order, Connolly appointed himself sole director of KIR.

As previously stated, KIR holds a judgment against the Government of the Republic of Vanuatu. The judgment is currently on appeal in the Republic of Vanuatu. Connolly believes that it is best to try to settle this matter before the court of appeals issues a decision. Accordingly, Connolly filed a motion seeking the permission of the Bankruptcy Court to negotiate a settlement agreement with the Government of Vanuatu. After holding an evidentiary hearing, the Bankruptcy Court granted Connolly's motion on a qualified basis and entered an interim order authorizing Connolly to negotiate a settlement agreement. Van Vleet then filed this appeal.

III. ANALYSIS

    A. Appellate Court Jurisdiction

Section 158(a) of title 28 of the United States Code gives this Court authority to hear certain appeals in bankruptcy cases. This Court has jurisdiction over appeals from; (1) final orders, judgments or decrees, (2) interlocutory orders under 11 U.S.C. §1121(a) and (3) with leave of the court, other interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. §158(a)(1)-(3). I find that the Bankruptcy Court's Interim

Order allowing Connolly to negotiate a settlement with the Government of Vanuatu is not a final appealable order. Thus, 28 U.S.C. §158(a) does not confer jurisdiction upon this Court in the instant case.

The Tenth Circuit has held that, "to be final and appealable, the district court's order must end litigation and leave nothing to be done but to execute the judgment." *In re Younger* 237 F.3d 1168, 1172 (10th Cir. 2001) (citing *In Re Magic Circle Energy Corp.*, 889 F,2d 950, 953 (10th Cir. 1989)). I find that this order is not final and appealable because the Bankruptcy Court's order only authorized Connolly to negotiate a settlement. The Bankruptcy Court did not authorize a settlement agreement between Connolly and the Republic of Vanuatu. If an agreement is reached by the parties it is subject to final approval by the Bankruptcy Court. Therefore, as the potential settlement is still contingent on the Bankruptcy Court's approval, no final order has been given, and this Court lacks jurisdiction to oversee an appeal.

Additionally, under *In re Cascade*, 956 F.2d 935, 939 (10th Cir. 1992), the Tenth Circuit "enunciated a more flexible test with different criteria of finality, namely: (1) the posture of an appellant's claim within a particular adversary proceeding or discrete unit, and (2) what further proceedings are envisioned by the district court's order." *Id.* Here, any settlement agreed upon by the parties must be approved by the Bankruptcy Court before becoming final. An order allowing negotiations to occur is not a final, appealable order. *See In Re American Colonial Broadcasting*, 758 F.2d 794, 801 (1st Cir. 1985) (an order authorizing a special master to negotiate the sale of radio stations owned by debtor is not a final order, it is only a preliminary step in the sale.) *See also In re Twenver Inc.*, 127 B.R. 467, 468 (D. Colo. 1991). Based on my finding that this Court

lacks jurisdiction over this matter, it is not necessary to address Van Vleet's other arguments in support of his appeal of the Bankruptcy Court's interim order.

IV. CONCLUSION

Based on the foregoing, it is

ORDERED that Van Vleet's appeal of the Bankruptcy Court's Interim Order Granting Motion for Order Granting Connolly Authority to Settle Controversy Between Kakula Island Resorts Limited and the Government of the Republic of Vanuatu is hereby **DISMISSED.**

Dated: June 5, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge